UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERION D. VARNADO, | No. 2:15-cv-2610 GEB GGH P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| W.L. MONTGOMERY, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a habeas corpus petition pursuant to 28 U.S.C. § 2254.[1] Pending before the court is respondent's motion to dismiss pursuant to the decision in Younger v. Harris, 401 U.S. 37 (1971), and for lack of exhaustion. Petitioner has not filed an opposition to the motion, but instead has filed an amended petition.

BACKGROUND

Petitioner is serving a sentence for a conviction of two counts of second degree robbery, one count of attempted robbery and one count of assault with a firearm. (Res't's Lod Doc. 1.) Petitioner appealed, and the California Supreme Court granted review and that appeal is currently pending. (Res't's Lod. Doc. 4.) In his amended petition for writ of habeas corpus, filed after the motion to dismiss, petitioner claims that his constitutional rights have been violated by: (1)

---

[1] Petitioner paid the filing fee on March 15, 2016. (ECF. No. 9.)

1

insufficient evidence of kidnap/robbery; (2) trial court error in rejecting defense request for jury instruction on movement of victim; (3) trial court error in permitting evidence of shooting case in robbery trial which was fundamentally unfair; and (4) trial court error in permitting detective to testify about Abel Guiterrez identifications of petitioner and co-defendants two days after robbery.  (Am.Pet., ECF No. 15 at 6-7.)

DISCUSSION

  I. Younger Abstention

Respondent moves to dismiss, arguing that the court should invoke the abstention doctrine and dismiss petitioner's amended habeas petition in light of his ongoing direct appeal of criminal proceedings before the California Supreme Court, and based on lack of state court exhaustion. Instead of filing an opposition, petitioner has filed an amended petition which does not shed light on the matter.[2] The court has searched the California Supreme Court's database and finds that it is undisputed that petitioner's appeal is pending with the California Supreme Court. http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=2083798&doc_no=S220271&search=party&start=1&query_partyLastNameOrOrg=Varnado&query_partyFirstName=erion.

Absent extraordinary circumstances, this court is barred from directly interfering with petitioner's ongoing criminal proceedings in state court.  See Younger v. Harris, 401 U.S. 37, 46 & 48–50 (1971); Brown v. Ahern, 676 F.3d 899, 903 (9th Cir.2012) ("abstention principles generally require a federal district court to abstain from exercising jurisdiction over a habeas petition in which the petitioner raises a claim under the Speedy Trial Clause as an affirmative defense to state prosecution."); Carden v. Montana, 626 F.2d 82, 84 (9th Cir.1980) (exceptions to the general rule of federal abstention arise only in "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or "in

---

[2] The fact that petitioner was able to file an amended petition within the general time period that his opposition was due informs this court that petitioner was not unable to file an opposition or request for extension of time within which to file one, and that providing petitioner further opportunity to do so would not assist the court in deciding the motion, especially since the facts are undisputed.

other extraordinary circumstances where irreparable injury can be shown."). Younger abstention is appropriate when the following criteria are met: (1) state judicial proceedings are pending; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity in state court to raise constitutional challenges. See Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S.Ct. 2515 (1982).

This case meets the Younger abstention criteria. First, there is no dispute that petitioner's criminal proceedings are pending, and any relief granted here would interfere with those proceedings. Second, the ongoing criminal proceedings implicate important state interests. See Kelly v. Robinson, 479 U.S. 36, 49, 107 S.Ct. 353 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). Finally, petitioner has adequate opportunity in state court to raise constitutional challenges. See Lebbos v. Judges of the Superior Court, 883 F.2d 810, 813 (9th Cir.1989) ("Abstention is appropriate based on 'interest of comity and federalism [that] counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.' "). Petitioner has already raised all of the same claims he presents in his pending petition in the first state petition for review he filed. (Res't's Lod. Doc. 2.) The petition for review filed by the government raises a claim that the California Supreme Court is holding for deferred briefing pending decisions in two other cases. (Res't's Lod. Doc. 3.) Although petitioner may not have succeeded with respect to those claims at this point in the state proceedings, that does not render the forum inadequate. See Baffert v. California Horse Racing Bd., 332 F.3d 613, 621 (9th Cir.2003) (Younger abstention appropriate because plaintiff's "lack of success [in state court] does not render the forum inadequate.")

Lastly, petitioner has failed to establish that any exception to the Younger abstention doctrine applies in this case. In this regard,

> If state proceedings are conducted in bad faith or to harass the litigant, or other extraordinary circumstances exist, the district court may exercise jurisdiction even when the criteria for *Younger*

3

>             abstention are met. See Gibson v. Berryhill, 411 U.S. 564, 578–79,
>             93 S.Ct. 1689, 36 L.Ed.2d 488 (1973) (holding that *Younger*
>             abstention did not apply to a suit to enjoin a proceeding before an
>             administrative board that had a pecuniary interest in the outcome);
>             Partington v. Gedan, 961 F.2d 852, 861 (9th Cir.1992) (referring to
>             the "'bad faith and harassment' exception" to *Younger* abstention).

Baffert, 332 F.3d at 621.  See also Dubinka v. Judges of the Superior Court, 23 F.3d 218, 225–26 (9th Cir.1994) (federal court need not abstain in "extraordinary circumstances" such as when the state court proceedings are undertaken in bad faith or for purposes of harassment or are based upon a statute that is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph[.]")); Lebbos, 883 F.2d at 816.  Petitioner is seeking to have this court intervene in an ongoing state criminal prosecution—precisely the type of circumstance to which Younger abstention was intended to apply.  Petitioner has failed to establish that any of the above noted exceptions to that doctrine apply in his case.

   II. Exhaustion

Based on the pending California Supreme Court petition, this petition is also unexhausted.  The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[3]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus and the California Supreme Court docket, the court finds that petitioner has failed to exhaust state court remedies.  The claims have not been adjudicated by the California Supreme Court.  Further, there is no allegation that state court remedies are no longer available to petitioner.[4]

---

[3] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[4] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period

For all of the foregoing reasons, respondent's motion to dismiss should be granted.

CONCLUSION

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF. No. 13) be granted;

2. Petitioner's amended petition for writ of habeas corpus (Doc. No. 15) be dismissed without prejudice;

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.1991).

Dated: June 13, 2016

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/varn2610.fr

---

will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).